UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

ADL, LLC, a Florida Limited Liability
Company, as Assignee of STRAUB
INVESTMENTS, LTD.,

                              ORDER

              Plaintiff,

                             CV 2006-5076 (SJF)(MDG)

      - against -

KHAJAK "JOHN" TIRAKIAN, et al.

              Defendants.

- - - - - - - - - - - - - - - - - - - -X

     Plaintiff ADL, LLC ("ADL") moves to compel responses to document requests from defendants John C. Searfoss and Fabio Berkowicz (the "Auditors"). The Auditors oppose ADL's application and request the Court to quash substantially identical subpoenas served on non-parties McGladrey & Pullen, LLP ("McGladrey") and its affiliate RSM McGladrey, Inc.

     In the complaint, ADL alleges that the Auditors negligently misrepresented facts regarding the finances of, and fraudulently induced Straub Investments, Ltd. ("Straub") to invest in, a jewelry business comprised of an affiliated group of companies. Specifically, ADL alleges that while Straub was evaluating its potential investment in the jewelry business, it relied on audited financial statements for the year ending 1999 and oral representations made by

the Auditors about the jewelry business' financial condition and value. At that time, Searfoss was an employee and Berkowicz a partner in the accounting firm Edward Isaacs & Company, LLP, which was acquired by McGladrey later in 2000. Searfoss is currently a partner in McGladrey, while Berkowicz, who had been a partner there, is no longer affiliated with the firm.

As discussed on the record at a hearing held on June 22, 2007, the motion to compel is granted only in part.

## DISCUSSION

### Plaintiff's Motion to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties "to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and, upon a showing of "good cause," to have a "court order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Information is relevant and discoverable so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Id. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 amendment).

Plaintiff argues that the documents requested are relevant to

"the role and responsibilities of [the Auditors] as accountants/partners at Edward Isaacs, the reason behind and arrangements of the buyout [of Edward Isaacs] by McGladrey [and] the eventual separation/termination of Berkowicz from the practice."  See ct. doc. 57 at 1.

### Berkowicz and Searfoss Document Requests No. 22

Plaintiff requests a copy of the McGladrey partnership agreements. Although these agreements may be too attenuated from the claims raised in this case, the Auditors must submit the 2000 McGladrey partnership agreement to the Court for in camera review.

### Berkowicz Document Requests Nos. 28, 29 and 30

Plaintiff requests all documents, agreements, and correspondence exchanged between McGladrey and Berkowicz or Berkowicz's representative/attorney relating to his separation/termination prior to entering into any agreement with McGladrey. These requests are limited to all documents pertaining to Berkowicz's separation/termination from McGladrey, which may be relevant to plaintiff's claims of negligent misrepresentation and fraud.

### Berkowicz Document Requests Nos. 31 and 32 and Searfoss Document Request No. 28

Plaintiff requests all documents executed between Berkowicz and RSM McGladrey, Inc. or H & R Block from 2000 through September 2006 and all agreements between McGladrey and Berkowicz from 2000 through December 2004. Likewise, plaintiff requests all documents executed between Searfoss and RSM McGladrey, Inc. or H&R Block

from 2000 through September 2006. Plaintiff's requests are extremely broad and, as formulated, are not likely to lead to the discovery of admissible evidence. Therefore, these requests must also be limited to documents relating to Berkowicz's termination/resignation.

<u>Searfoss Document Request No. 29 and Berkowicz Document Request No. 35</u>

Plaintiff requests Searfoss' and Berkowicz's employment and personnel files, including reviews of performance, termination or resignation information. The Auditors argue that such highly confidential and personal information should not be produced. Given the claims in this action of negligent misrepresentation and fraud, the Auditors' job performance is undeniably relevant. Moreover, evidence of other wrongs or acts are admissible to prove intent, absence of mistake or accident. <u>See</u> <u>Hynes v. Coughlin</u>, 79 F.3d 285, 290-91 (2d Cir. 1996); Fed. R. Evid. 404(b). Therefore, the Auditors must produce any information contained in the employment and personnel files that relate to performance reviews, complaints, evaluations, training and termination/resignation. However, since the Auditors have legitimate privacy concerns regarding disclosure of information regarding their compensation or medical conditions, documents regarding these matters need not be produced.

The Auditors' reliance on <u>In re Del-Val Fin. Corp. Sec. Litig.</u>, 158 F.R.D. 275 (S.D.N.Y. 1994) in support of their argument opposing disclosure is misplaced. There, Judge Conner

specifically noted that the court "assesses the relevancy of these [performance] evaluations in light of the fact that plaintiffs have dismissed their common law fraud and negligent misrepresentation claims."  158 F.R.D. at 277; see also Bank Brussels Lambert v. Chase Manhattan Bank, N.A., No. 93 CIV. 5298, 1996 WL 512287, at *3 (S.D.N.Y. Sept. 9, 1996) (denying discovery of personnel files because neither competence nor negligence of employees was relevant to claim of conversion).  Here, in contrast, since fraud and negligent misrepresentation are the gravamen of plaintiff's allegations against the Auditors, their job performance is clearly relevant to plaintiff's claims.

The Auditors' Cross-Motion to Quash Subpoenas

The Auditors cross-move to quash subpoenas served on non-parties McGladrey and RSM McGladrey, Inc. seeking substantially identical documents.  "In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness."  Langford v. Chrysler Motor Co., 513 F.2d 1121, 1126 (2d Cir. 1975); In re Flag Telecom Holdings, Ltd. Sec. Litig., No. 02 Civ. 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006); Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004).  However, several courts have found that a party has standing to challenge a non-party subpoena where the party has a sufficient privacy interest in the confidentiality of the records sought.  See In re Flag Telecom, 2006 WL 2642192, at *2 (finding party had standing to challenge

subpoena for party's finanical records); <u>Catskill Dev., L.L.C. v. Park Place Ent'mt Corp.</u>, 206 F.R.D. 78, 93 (S.D.N.Y. 1994); <u>Sierra Rutile Ltd. v. Katz</u>, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994). I find that the Auditors have a sufficient privacy interest in the confidentiality of the documents discussed above to have standing to challenge the subpoeanas. Accordingly, the production of those documents pursuant to subpoena is governed by the analysis set forth above.

<u>Protective Order</u>

The parties should confer on an appropriate confidentiality agreement to govern disclosure of the documents discussed above. Until the parties submit a proposed confidentiality order to the Court, the documents produced shall be for "attorneys' eyes only."

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to compel is granted in part and denied in part, as is the Auditors' cross-motion to quash. In addition, the Auditors must submit the 2000 McGladrey partnership agreement to the Court by June 28, 2007 for <u>in</u> <u>camera</u> review.

**SO ORDERED.**

Dated: Brooklyn, New York
June 26, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE