```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
```

ADL, LLC, a Florida Limited Liability
Company, as Assignee of STRAUB
INVESTMENTS, LTD.,

                                                   ORDER

            Plaintiff,

                                  CV 2006-5076 (SJF)(MDG)

      - against -

KHAJAK "JOHN" TIRAKIAN, et al.

            Defendants.

```
- - - - - - - - - - - - - - - - - - -X
```

     Defendants Sovereign Bank ("Sovereign"), John C. Searfoss and Fabio Berkowicz (the "Auditors") (collectively "the moving defendants") move for a stay of discovery pending the Court's decision on their motions to dismiss. Plaintiff ADL, LLC ("ADL") opposes the moving defendants' application. For the following reasons, this application is denied.

## BACKGROUND

     ADL alleges that the moving defendants negligently misrepresented facts regarding the finances of, and fraudulently induced Straub Investments, Ltd. ("Straub") to invest in, a jewelry business comprised of an affiliated group of companies (defendants Andel Jewelry Corp., Andel Domincana, Inc. and Andel BKK, Inc. (the "Jewelry Business")) owned by defendants Khajak "John" Tirakian, The Khajak Tirakian Grantor Retained Annuity Trust and Joseph Manber and aided and abetted and conspired with those defendants to defraud Straub. Specifically, ADL alleges

that while Straub was evaluating its potential investment in the Jewelry Business in 2000, it relied on audited financial statements for the year ending 1999 and oral representations made by the Auditors and Sovereign about the Jewelry Business' financial condition and value. ADL claims that Straub did not learn until 2005 that the audited financials falsely reflected the Jewelry Business' inventory and accounts receivable and that Sovereign knew the Jewelry Business was in serious financial trouble.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice

to the party opposing the stay. See Telesca, 2006 WL 1120636, at *1; In re Currency Conversion, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distribution, 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted by the parties with respect to defendants' motions to dismiss plaintiff's causes of action for fraudulent inducement, negligent misrepresentation, aiding and abetting fraud and conspiracy to defraud. The moving defendants argue that the claims against them are barred by the applicable statute of limitations and further challenge the sufficiency of the allegations against them, including the failure to adequately plead loss causation. In addition, Sovereign argues that plaintiff lacks standing to bring an action against it because it had no duty to Straub as a potential investor in Sovereign's customer.

While the moving defendants may have substantial arguments for dismissal of some of the claims, this Court is doubtful that defendants will succeed in dismissing all the claims against them. For example, the moving defendants' argument that plaintiff's claims are barred by the statute of limitations assumes facts that are beyond the pleadings and that have yet to

be developed. The date by which plaintiff should have discovered the alleged fraud is a question of fact that is unlikely to be determined on a motion to dismiss. See In re Issuer Plaintiff Initial Public Offering Antitrust Litig., No. 00 Civ. 7804, 2004 WL 487222, at *5 (S.D.N.Y. Mar. 12, 2004) ("[B]ecause questions of fact exist as to whether Plaintiffs should have discovered the facts alleged in their complaint prior to the expiration of the statute of limitations period, such determination is inappropriate on a motion to dismiss"); In re Sumitomo Copper Litig., 120 F. Supp. 2d 328, 346-47 (S.D.N.Y. 2000); Swan v. EMI Music Publ'g Inc., No. 99 Civ. 9693, 2000 WL 1528261, at *4-*5 (S.D.N.Y. Oct. 16, 2000). Similarly, Sovereign's argument that ADL lacks standing because Sovereign had no duty to Straub depends on disputed facts as to whether Sovereign had "superior knowledge, not readily available" to Straub regarding the Jewelry Business' financial condition. See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, 731 F.2d 112, 123 (2d Cir. 1984); Aniero Concrete Co., Inc. v. New York City Const., No. 94 Civ. 9111, 1997 WL 3268, at *13 (S.D.N.Y. Jan. 3, 1997) ("the question of whether [defendants] had 'superior knowledge' of the state of the Project cannot be resolved on summary judgment"). The issue of Straub's access to such information can be resolved only after discovery. Compare ct. doc. 21 at 23-24 ("Plaintiff had unrestricted access to books, records - which would include Sovereign's records - and employees of the Jewelry Business, as well as the auditors, counsel, officers, directors and other

representatives of the Members and the Owners") with Complaint at ¶¶ 59, 61, 63, 64, 66-67, 69-76, 78, 80, 141-43.  As to loss causation, plaintiff adequately alleges that it suffered a loss due to the defendants' misrepresentations and omissions which were directly relevant to the value of its investment in the Jewelry Business.  See Suez Equity Invests., L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 96-98 (2d Cir. 2001) (finding loss causation where misrepresentation "would directly affect the plaintiff's valuation of their investment in the company").  Even if defendants prevail on their arguments regarding the insufficiency of the allegations in the complaint, any insufficiencies may very well be cured by allowing plaintiff to amend the complaint.  See Rajbhandari v. Shah, No. 02 Civ. 8778, 2006 WL 74393, at *6 (S.D.N.Y. Jan. 11, 2006) (motion to dismiss fraud claim granted and complaint dismissed with leave to replead where plaintiff failed to comply with Fed. R. Civ. P. 9(b)); see also In re Currency Conversion, 2002 WL 88278, at *2 (challenging sufficiency of facts alleged in complaint militates against a stay).

While discovery is often an onerous process, defendant Sovereign has failed to prove that it will be unduly burdened by having to respond to plaintiff's requests for interrogatories, production of documents and to schedule depositions of three of its employees.  Since Sovereign already produced discovery as a third-party witness in the prior related action, Straub Investments, LTD v. Tirakian, 05-CV-3299 (E.D.N.Y.), responding

to plaintiff's discovery requests in this action should not be overly burdensome. Having to participate in the depositions of other witnesses also does not constitute "good cause." See Hollins v. United States Tennis Ass'n, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006); Howard v. Galesi, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). Although the Auditors state that they have already served Rule 26 initial disclosures, scheduled depositions and responded to ADL's document requests, see ct. doc. 41 at 1, they fail to identify the proposed discovery that would create an undue burden. The fact that plaintiff is pursuing discovery expeditiously weighs against delaying discovery by granting a stay. See Hachette Distribution, 136 F.R.D. at 359.

Finally, only three of the defendants in this action have filed dispositive motions. Thus, even if the moving defendants' motions to dismiss are granted, this action will proceed and discovery will be conducted. Given the nature of the allegations against defendants, the moving defendants are important witnesses concerning the financial condition and value of the Jewelry Business in 2000. Even if the moving defendants' are dismissed, the plaintiffs are likely to continue to seek discovery from the moving defendants as non-parties. See ct. doc. 42 at 5-7. Although non-party discovery involves different mechanisms, the absence of a stay would not create an undue burden on the moving defendants. See Hollins, 469 F. Supp. 2d at 79 ("Discovery of the moving defendants is inevitable regardless of the outcome of their motions to dismiss"); Hachette Distribution, 136 F.R.D. at

358-59.

In sum, after weighing the relevant factors, I find that defendants have not established good cause to warrant a stay of all discovery pending the Court's ruling on defendants' motion to dismiss. Accordingly, the application for a stay is denied.

## CONCLUSION

For the foregoing reasons, the moving defendants' application for a stay is denied without prejudice pending determination of their motions to dismiss plaintiff's complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
July 5, 2007

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　MARILYN D. GO
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE