UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

ADL, LLC,

                                 Plaintiff,     ORDER

          - against -           CV 2006-5076 (SJF)(MDG)

KHAJAK "JOHN" TIRAKIAN, et al.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - -X

    By motion filed on February 15, 2008 (ct. doc. 97), defendant Sovereign Bank has moved to strike the plaintiff's reply in response to the opposition of certain defendants to plaintiff's motion for leave to file a second amended complaint (ct. doc. 96). Plaintiff filed its reply on February 15, 2008, seven days after the February 8th deadline set by this Court in an electronic order filed on February 23, 2008. In response, Michael J. Pike, plaintiff's counsel, states that his office had "improperly calendared the response date" but would have likely obtained consent for an extension had counsel been aware of the deadline and timely sought an extension.

    This Court evaluates the motion under the standards of Rule 6(b) of the Federal Rules of Civil Procedure, which grants courts the discretion to extend a deadline that has expired if the "failure to act was the result of excusable neglect." See Fed.R.Civ.P. 6(b)(2). In determining whether a party's neglect

is excusable, a district court should consider: "[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Given these factors, "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Raymond v. Int'l Bus. Mach. Corp., 148 F.3d 63, 67 (2d Cir.1998) (quoting Pioneer, 507 U.S. at 395)).

Weighing the equitable factors in this case, this Court finds excusable neglect warranting an extension. While attorney inadvertence, without more, ordinarily does not suffice as a reason for an extension, counsel is correct that the parties have, in fact, previously sought several extensions of briefing schedules set, all of which were made on consent of the parties. See ct. docs. 16, 43 and 92 (motions for extension by Sovereign); 26, 27, 29 and 35 (motions for extension by plaintiff). Significantly, there is no prejudice to Sovereign Bank or any other defendant, as the discovery period has just recently been further extended and a pending motion to dismiss has not yet been decided. In addition, the delay at issue was only seven days and there is no evidence that plaintiff acted in bad faith.

## CONCLUSION

For the foregoing reason, defendant Sovereign Bank's motion to strike is denied and the time for plaintiff to file a reply in support of its motion to amend is extended _nunc_ _pro_ _tunc_ to February 15, 2008.

**SO ORDERED.**

Dated:    Brooklyn, New York
            February 22, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE